**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**DAWN M.,**

                                    **Plaintiff,**

**v.**

                                                                          **20-CV-321**

**COMMISSIONER OF SOCIAL SECURITY,**

                                    **Defendant.**

## DECISION AND ORDER

             Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment.  Dkt. No.  16.  Dawn M. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits.  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. Nos. 10, 13.  For the following reasons, Plaintiff's motion (Dkt. No. 10) is granted, and the Commissioner's motion (Dkt. No. 13) is denied.

## BACKGROUND

             In January 2010, Plaintiff filed for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") alleging disability beginning on March 23, 2009.  Tr. at

129.[1]  Following a hearing, the Administrative Law Judge ("ALJ") issued a decision on January 23, 2012, finding that Plaintiff had the severe impairment of idiopathic fatigue but could perform her past relevant work as a cashier and therefore, was not disabled. Tr. at 16-32.  The Appeals Council denied Plaintiff's request for review and she appealed to this Court, which remanded the case for further administrative proceedings. Tr. at 630-39.

While the above case was pending, Plaintiff filed a subsequent application for DIB on March 21, 2013, alleging disability beginning on January 24, 2012.  On February 24, 2014, a different ALJ issued a decision finding that Plaintiff was not disabled.  Tr. at 640-51.  The Appeals Council consolidated the two applications on December 10, 2014, and remanded them to the ALJ for further consideration.  Tr. at 656-61.  On remand, the ALJ held a hearing at which a medical expert testified.  Tr. at 561-607.  The ALJ issued an unfavorable decision on October 11, 2017, finding Plaintiff not disabled.  Tr. at 541-59.  Plaintiff appealed this decision to the district court, which remanded the matter to the agency for further administrative proceedings.  Tr. at 1419-23.  The Appeals Council remanded the matter to the ALJ for resolution.  Tr. at 1427-28.

On November 4, 2019, Plaintiff, who was represented by counsel, appeared and testified at a hearing before ALJ Stephan Bell.  Tr. at 1357-84.  A vocational expert also testified.  Tr. at 1378.  On January 10, 2020, the ALJ found that Plaintiff was not disabled.  Tr. at 1326-56.  The Appeals Council denied Plaintiff's

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 7.

request for review and the ALJ's decision became the final decision of the

Commissioner.  This action followed.


## LEGAL STANDARD

**Disability Determination**

        A person making a claim for Social Security benefits bears the ultimate

burden of proving disability throughout the period for which benefits are sought.  *See* 20

C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The

claimant is disabled only if she shows that she is unable to engage in any substantial

gainful activity due to any medically determinable physical or mental impairment which

has lasted, or can be expected to last, for a continuous period of at least 12 months.  42

U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212,

216-22 (2002).


        A disabling physical or mental impairment is an impairment that results

from "anatomical, physiological, or psychological abnormalities which are demonstrable

by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §

1382c(a)(3)(D).  Congress places the burden upon the claimant to establish disability by

requiring her to "furnish such medical and other evidence of the existence [of disability]

as the Commissioner . . . may require."  42 U.S.C. § 1382c(a)(3)(H)(i).  The function of

deciding whether a person is under a disability within the meaning of the Act belongs to

the Commissioner.  20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937

(S.D.N.Y. 1997).

The Commissioner has established a five-step sequential evaluation for adjudicating disability claims set forth at 20 C.F.R. § 416.920.  The claimant has the burden at the first four steps.  The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy, but the burden of proving disability is always on the claimant. *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2007).  Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).  Substantial evidence is "more than a mere scintilla." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

4

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  *See Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## **DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 23, 2009, the alleged onset date.  Tr. at 1333.  The ALJ concluded at step two that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine and lumbar spine, overactive bladder, irritable bowel syndrome, fibromyalgia, mitochondrial depletion syndrome, chronic fatigue syndrome, and lupus.  Tr. at 1333.  At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings, giving special consideration to Listing 1.04 (Disorders of the

5

Spine), Listing 5.06 (Inflammatory Bowel Disease), Listing 14.02 (Systemic Lupus Erythematosus), and Listing 14.09 (Inflammatory Arthritis).  Tr. at 1334-36.

The ALJ found that Plaintiff retained the RFC to perform a "less than full" range of sedentary work as defined by 20 C.F.R. § 416.967(a) and 404.1567(a).  Tr. at 1336.  She can occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, or crawl.  Tr. at 1336.

The ALJ found that Plaintiff is unable to perform any past relevant work. Tr. at 1334.  Relying on the VE's testimony, the ALJ found at step five that Plaintiff could perform work existing in significant numbers in the national economy, including work as an order clerk (food and beverage), optical assembler, or charge account clerk.  Tr. at 1345.  Accordingly, the ALJ determined that Plaintiff had not been under a disability since March 23, 2009, her alleged onset date, through the date of his decision.  Tr. at 1345.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 10, 13.  Among other things, Plaintiff argues that the ALJ relied on his own interpretation of the medical data after rejecting all of the medical opinion evidence of record.  This Court agrees and finds that remand is warranted.

Plaintiff's record contains multiple opinions from her treating physician, Dr. William Wnuk, and Dr. Wnuk's Physician's Assistant, Ken Osborn, and from consultative examiner Dr. Donna Miller (2010), consultative examiner Dr. Samuel Balderman (2013), and non-examining medical expert Dr. Sreedevi Chandrasekhar (2015).  These opinions are divided between findings of severe or disabling limitations (Dr. Wnuk and PA Osborn) on the one hand, to findings of no physical limitations of any kind (Drs. Miller, Balderman, and Chadrasekhar) on the other.

Dr. Wnuk and PA Osborn opined on numerous occasions that Plaintiff was disabled and unable to perform work due to her impairments.  Tr. at 297-424, 501-516, 530-534, 978-1025, 1048-1092, 1244-1245).  The ALJ gave these opinions "little weight" because they were conclusory statements not expressed in functional terms; and, according to the ALJ, they went to the main issue reserved exclusively to the Commissioner.  Tr. 1342.

On February 7, 2012, Dr. Wnuk completed a physical residual functional capacity questionnaire in which he states that Plaintiff suffered from disabling fatigue and pain due to her "probable mitochondrial syndrome" and "fibromyalgia."  Tr. at 536-40.  This particular assessment is the only opinion of record that details the specific functional limitations caused by Plaintiff's impairments.  Tr. at 536-540.  The ALJ failed to weigh this particular opinion but stated that the limitations were not supported in the medical evidence because when examined in Dr. Wnuk's office, Plaintiff demonstrated only mildly reduced range of motion, or "fair range of motion," and only mild tenderness or no tenderness at all.  Tr. at 1343.  The ALJ noted that Plaintiff's

7

"objective deficits are mild, and Dr. Wnuk outlines no specific findings which would support the opinion that the claimant has such a degree of limitation, aside from the claimant's own subjective reports." (Tr. 1343).

        While this Court does not go so far as to hold that the ALJ's assessment of Dr. Wnuk's opinions is erroneous, it does agree with Plaintiff that, as a general matter, "objective" findings are not required in order to find that an applicant is disabled. *See Donato v. Sec. of Dep't of Health & Human Servs.*, 721 F.2d 414, 419 (2d Cir. 1983) ("Subjective pain may serve as the basis for establishing disability, even if . . . unaccompanied by positive clinical findings of other 'objective' medical evidence") (emphasis in original) (citation omitted).  This is especially true when a claimant has a severe impairment like fibromyalgia for which "there are no objective tests which can conclusively confirm the disease."  *Preston v. Sec. of Health & Human Servs.*, 854 F.2d 815, 818 (6th Cir. 1988); *Green-Younger*, 335 F.3d at 108-09 (2d Cir. 2003) ("In stark contrast to the unremitting pain of which fibrositis [now fibromyalgia] patients complain, physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions.") (internal citations omitted).

        As previously noted, Drs. Miller, Balderman, Chandrasekhar all found that Plaintiff had no physical limitations.  Tr. at 443, 507, 1107.  As he did with Dr. Wnuk's and PA Osborn's opinions, the ALJ gave the remaining doctors' opinions "little weight" because they were inconsistent with the totality of the evidence.  Tr. at 1342-44.  While the rejection of any one of these opinions standing alone might not have been

erroneous, the ALJ's refusal to give meaningful weight to any of them is problematic. Because the RFC is untethered from any of the medical opinions, it is unclear precisely what the ALJ relied upon in determining the very specific limits set forth therein.  *See Garcia Medina v. Comm'r of Soc. Sec.*, No. 17-CV-6793- JWF, 2019 WL 1230081, at *2 (W.D.N.Y. Mar. 15, 2019).

"Where, as here, the ALJ does not give controlling or significant weight to any of the medical opinions of record and instead only gives 'some weight' or 'limited weight' to all the opinions, it is reasonable to assume that the ALJ must have relied upon the raw medical data to form his own 'common sense' RFC."  *Kiggins v. Comm'r of Soc. Sec.*, No. 17-CV-6642-JWF, 2019 WL 1384590, at *5 (W.D.N.Y. Mar. 27, 2019).  "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings" without the benefit of a medical opinion.  *Zayas v. Colvin*, 15-CV-6312-FPG, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016).  Although an ALJ has "considerable and constant exposure to medical evidence," he is not "free to set his own expertise against that of a physician who [submitted an opinion] or testified before him."  *Glover v. Astrue*, No. 08-CV-218, 2010 WL 1035440, at *4 (W.D.N.Y. Mar. 18, 2010) (internal citations omitted); *Fioretti v. Saul*, No. 19-CV-248-MJR, 2020 WL 3046097, at *3-4 (W.D.N.Y. June 8, 2020).

Only in rare circumstances, "where the medical evidence shows [a] relatively minor physical impairment" may an ALJ "render a commonsense judgment about functional capacity even without a physician's assessment."  *Gross v. Astrue*, 12-CV-6207-MWP, 2014 WL 1806779, at *18 (W.D.N.Y. May 7, 2014) (internal

quotations and citations omitted); *see also Kain v. Colvin*, 14-CV-650-WMS, 2017 WL 2059806, at *3 (W.D.N.Y. May 14, 2017) (recognizing that when the record contains medical findings merely diagnosing the claimant's impairments without relating that diagnosis to functional capabilities, the general rule is that the Commissioner "may not make the connection himself") (citations omitted).

Plaintiff's fibromyalgia and mitochondrial depletion syndrome do not constitute minor physical impairments that lend themselves to the ALJ's "common sense judgment."  As noted, the ALJ concluded that Plaintiff was capable of performing a "less than full range of sedentary work" with specific findings about her functional ability to climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch or crawl.  Tr. at 1336.   Because this RFC is not supported by any opinion evidence, it is clear that the ALJ relied on his layman opinion in formulating it. This requires remand.

Upon remand, the ALJ is directed to obtain a functional medical assessment or otherwise explain how Plaintiff's RFC is grounded in the medical opinion evidence.  *Jones v. Berryhill*, No. 16-CV-6042 CJS, 2017 WL 2222245, at *8 (W.D.N.Y. May 22, 2017).

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is hereby GRANTED, and the Commissioner's motion for

judgment on the pleadings (Dkt. No. 13) is DENIED.  This matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order.  The Clerk of the Court is directed to close this case.

        **SO ORDERED.**

DATED:      Buffalo, New York
              September 10, 2021

                      *__s/ H. Kenneth Schroeder, Jr.__*
                      **H. KENNETH SCHROEDER, JR.**
                      **United States Magistrate Judge**